UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN ANDERSON,

Plaintiff,

v.

SALESFORCE.COM, INC.,

Defendant.

Case No. 18-cv-06712-PJH

**ORDER COMPELLING ARBITRATION AND STAYING PROCEEDINGS**

Re: Dkt. No. 13

Before the court is defendant Salesforce.com, Inc.'s ("Salesforce" or the "company") motion to compel arbitration and stay proceedings. Defendant filed its motion on December 5, 2018, and plaintiff failed to file an opposition by the December 19, 2018 deadline. The court finds that the matter is suitable for decision without oral argument. Accordingly, the hearing set for January 9, 2019, is VACATED. Having read defendant's papers and carefully considered its arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion.

Plaintiff asserts eleven causes of action for various forms of employment discrimination and retaliation. Dkt. 1, Compl. ¶¶ 27-100. Ten of plaintiff's claims arise under the Family and Medical Leave Act, the California Fair Employment and Housing Act, the California Family Rights Act, or the California Labor Code. Compl. ¶¶ 32-100. Plaintiff's eleventh cause of action arises under the Sarbanes-Oxley Act ("SOX"). All of plaintiff's claims rely on the same series of events.

Specifically, plaintiff alleges that sometime after the company hired him as a full-time employee, he became concerned about several of the company's accounting practices. Compl. ¶¶ 10, 12. Eventually, after being rebuffed by his immediate

supervisors, plaintiff reported his concerns to the company's Associate General Counsel and other senior company employees, who acknowledged plaintiff's concerns and began an investigation. Id. ¶¶ 13-20. Plaintiff alleges that beyond just ignoring plaintiff's concerns, his immediate supervisors responded by yelling at plaintiff and criticizing his conduct. Id. ¶¶ 13-15. According to the complaint, plaintiff's supervisors' retaliatory conduct left plaintiff "emotionally shaken" and eventually led plaintiff to take a medical leave of absence. Id. ¶¶ 14, 17. The complaint alleges that rather than eventually returning plaintiff from his medical leave of absence or accommodating plaintiff's mental health disability, the company suspended plaintiff on an administrative leave. Id. ¶¶ 20-21. Several months later, the company informed plaintiff that the company had eliminated his position and, after plaintiff was unable to find another position within Salesforce, terminated plaintiff's employment. Compl. ¶¶ 18-26. In general, plaintiff alleges that he was terminated and retaliated against because of his whistleblower activities and/or because of his race.

Defendant's motion seeks to compel plaintiff to arbitrate his second through eleventh causes of action. In addition, defendant argues that plaintiff's first cause of action, the SOX claim, should be stayed pending the completion of arbitration. The court agrees.

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, et seq., any party bound to an arbitration agreement that falls within the scope of the FAA may bring a motion in federal district court to compel arbitration and stay the proceeding pending resolution of the arbitration. 9 U.S.C. §§ 2–4; see also Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004); Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001) (addressing the FAA's applicability to employment contracts). The FAA requires the court to compel arbitration of issues covered by the arbitration agreement. Dean Witter Reynolds, Inc., v. Byrd, 470 U.S. 213, 217 (1985).

In ruling on a motion to compel arbitration under the FAA, the court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2)

2

whether the agreement encompasses the dispute at issue." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000); Lifescan, 363 F.3d at 1012. If the answers are yes, the court must enforce the agreement. Id.

Here, the evidence shows that on March 16, 2015, plaintiff signed an arbitration agreement with Salesforce, in which he agreed to "resolve by arbitration all claims or controversies, past, present or future" that he may have against the Company. Dkt. 13-3, Strashovskiy Decl. ¶ 6; Dkt. 13-4, Ex. A at 1, 6. The arbitration agreement states that it is governed by the FAA and that it is "intended to apply to the resolution of disputes that otherwise would be resolved in a court of law . . . ." Ex. A at 1. Plaintiff had the option to opt out of the arbitration agreement and the arbitration agreement states in bold text that "[a]rbitration is not a mandatory condition" of employment at the company. Strashovskiy Decl. ¶ 7; Ex. A at 5.

The court finds that a valid and enforceable agreement to arbitrate exists and that that agreement encompasses the dispute at issue. See Chiron, 207 F.3d at 1130. First, there is no evidence that plaintiff did not freely enter into the arbitration agreement with Salesforce. In addition, as plaintiff has not filed an opposition, plaintiff fails to point to any state contract defense that might invalidate the contract and, on the facts before it, the court has not independently found any state contract defense that would require the court to invalidate the contract. Thus, the court finds a valid agreement to arbitrate exists.

Second, the arbitration agreement encompasses the dispute at issue. The arbitration agreement applies to:

> all claims or controversies, past, present or future, whether or not arising out of your employment (or its termination), that the Company may have against you or that you (and no other person) may have against . . . the Company . . . [including] disputes regarding the employment relationship . . . discrimination . . . , and claims arising under the Family Medical Leave Act . . . , state statutes and local ordinances, if any, addressing the same or similar subject matters, and all other state statutory and common law claims.

Ex. A at 1. Plaintiff's claims and the conduct he alleges falls squarely within the arbitration agreement's scope. Thus, the valid and enforceable arbitration agreement

3

that plaintiff freely entered into encompasses the dispute at issue.

Lastly, though it is undisputed that plaintiff's SOX claim is not subject to arbitration, that has no bearing on whether plaintiff's ten arbitrable claims must proceed in arbitration. The Supreme Court has held, "when a complaint contains both arbitrable and nonarbitrable claims, the [FAA] requires courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." KPMG LLP v. Cocchi, 565 U.S. 18, 22 (2011) (internal quotation marks omitted). Accordingly, the court GRANTS defendant's motion to compel arbitration of plaintiff's second through eleventh causes of action.

That leaves the court with only plaintiff's first cause of action brought under the Sarbanes-Oxley Act. Defendant admits that plaintiff's SOX claim is not subject to arbitration, see 18 U.S.C. § 1514A(e)(2), but asks the court to stay the entire action, including disposition of plaintiff's SOX claim, until arbitration is complete.

A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Use of this power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254–55; see also Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) ("the district court did not abuse its discretion by staying the action pending receipt of the results of arbitration"). In determining whether it should exercise its discretion to grant a stay, the court should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

Taking the above considerations into account, the court finds that it is appropriate

1  to stay plaintiff's SOX claim and the entire action because plaintiff's claims all arise from
2  the same conduct and because allowing the arbitration to resolve will simplify issues of
3  law or questions of fact in future proceedings.  See also Sharp Corp. v. Hisense USA
4  Corp., No. 17-CV-03341-YGR, 2017 WL 6017897, at *5 (N.D. Cal. Dec. 5, 2017); Swift v.
5  Zynga Game Network, Inc., 805 F. Supp. 2d 904, 917 (N.D. Cal. 2011) (staying non-
6  arbitrable claims pending resolution of arbitration).

## CONCLUSION

For the foregoing reasons, plaintiff is hereby COMPELLED TO ARBITRATE claims two through eleven of his complaint.  The entire action is hereby STAYED pending resolution of the arbitration.

**IT IS SO ORDERED.**

Dated: December 21, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge